**Opinion issued February 24, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-00176-CR**

**NO.01-14-00177-CR**

**NO. 01-14-00178-CR**

————————————

**STEVE JEFFER CARRINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case Nos. 06-DCR-044879, 06-DCR-043601, and 06-DCR-044878**

---

## MEMORANDUM OPINION

Appellant, Steve Jeffer Carrington, attempts to appeal from his February 1,

2008 judgments of conviction for the offense of aggravated sexual assault of a

child[1] and two separate offenses of murder.[2] We dismiss the appeals for want of jurisdiction.

Pursuant to agreements with the State, appellant pleaded guilty to the offenses of aggravated sexual assault of a child and murder. The trial court accepted the plea agreements. It assessed appellant's punishment at confinement for ten years for aggravated sexual assault of a child. And it assessed his punishment at forty years and fifty-seven years for the murder offenses, with all sentences to run concurrently. On February 20, 2014, appellant filed a "Notice of Appeal" in each case, seeking untimely appeals.

We lack jurisdiction over appellant's attempted appeals. We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The time for perfecting an appeal from a judgment of conviction begins to run on the day that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a); *see Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Here, the trial court imposed the sentences on February 1, 2008. Appellant's notices of appeal, filed on February 20, 2014, were untimely.

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021  (Vernon Supp. 2014).

[2]     *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2011).

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2014); *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2014); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)). "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Accordingly, we dismiss the appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.
Do not publish.   TEX. R. APP. P. 47.2(b).