**Opinion issued February 24, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00758-CR

———————————

**ERIC DOUGLAS SHAW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1365799**

---

## MEMORANDUM OPINION

Appellant, Eric Douglas Shaw, attempts to appeal from his January 29, 2013

judgment of conviction for the state-jail felony offense of forgery.[1] We dismiss the

---

[1]     *See* TEX. PENAL CODE ANN. § 32.21(b) (Vernon 2011).

appeal for want of jurisdiction.

Pursuant to an agreement with the State, appellant pleaded guilty to the offense of forgery and pleaded true to the allegations that he had twice been previously convicted of felony offenses. The trial court accepted the plea agreement and assessed appellant's punishment at confinement for two years. Appellant timely appealed. In an unpublished opinion, we dismissed his appeal for want of jurisdiction because the case was a plea-bargained case and appellant had no right of appeal. *See Shaw v. State*, No. 01-13-00132-CR, 2013 WL 1932133, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op., not designated for publication). We issued our mandate on July 12, 2013. On August 16, 2013, appellant filed a second notice of appeal, seeking a new appeal.

We lack jurisdiction over appellant's attempted appeal. We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The time for perfecting an appeal from a judgment of conviction begins to run on the day that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a); *see Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Here, the trial court imposed sentence on January 29, 2013. Appellant's notice of appeal, filed on August 16, 2013, is untimely.

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2014); *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2014); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985)). "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.
Do not publish.   TEX. R. APP. P. 47.2(b).