Opinion issued August 15, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00341-CR

————————————

**WILLIAM CLAYTON HENRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 854250**

---

## MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, William Clayton Henry,

pleaded guilty to the felony offense of aggravated robbery with a deadly weapon,

reduced from the offense of capital murder.[1]  The trial court found appellant guilty, assessed his punishment at confinement for forty-five years, and certified that "this is a plea-bargain case and [appellant] has NO right of appeal."  Appellant has filed a pro se notice of appeal.

We dismiss the appeal for lack of jurisdiction.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal.  *See* TEX. R. APP. P. 26.2(a); *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  A defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended in open court or within ninety days after that date if the defendant timely files a motion for new trial.  TEX. R. APP. P. 26.2(a); *see Bayless v. State*, 91 S.W.3d 801, 805–06 (Tex. Crim. App. 2002); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  And, this Court has no authority to allow the late filing of a notice of appeal except as provided by Texas Rule of Appellate Procedure 26.3.  *See* TEX. R. APP. P. 26.3; *Olivo*, 918 S.W.2d at 522.

Here, the trial court imposed sentence and signed the judgment of conviction on April 6, 2001.  The clerk's record filed in this Court does not reflect that appellant timely filed a motion for new trial.  *See* TEX. R. APP. P. 21.4(a).  Appellant's notice

---

[1]      *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b); *see also id.* § 29.02(a)(2).

2

of appeal, therefore, was due to be filed no later than May 7, 2001. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1); *Olivo*, 918 S.W.2d at 522. His notice of appeal, filed nearly eighteen years later on March 4, 2019, was untimely to perfect an appeal of the April 6, 2001 judgment of conviction, and we have no basis for jurisdiction over the appeal. *See Olivo*, 918 S.W.2d at 522; *Lair*, 321 S.W.3d at 159.

Moreover, in a plea-bargained case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). The trial court's certification is included in the record and states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

3

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).