**Marcus Demon LAIR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

Nos. 01–07–01080–CR, 01–09–01102–CR, 01–09–01103–CR, 01–09–01104–CR, 01–09–01105–CR, 01–09–01106–CR, 01–09–01107–CR, 01–09–01108–CR, 01–09–01109–CR, 01–09–01110–CR, 01–09–01111–CR, 01–09–01112–CR, 01–09–01113–CR, 01–09–01114–CR, 01–09–01115–CR, 01–09–01116–CR, 01–09–01117–CR, 01–09–01118–CR, 01–09–01119–CR, 01–09–01120–CR, 01–09–01121–CR, 01–09–01122–CR, 01–09–01123–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 17, 2010.

Discretionary Review Refused Nov. 10, 2010.

Clint Foster Sare, Bryan, TX, for appellant.

Marcus Demon Lair, Livingston, TX, pro se.

Tuck Moody McLain, District Attorney–Grimes County, Anderson, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices BLAND and SHARP.

**OPINION**

SHERRY RADACK, Chief Justice.

A jury convicted appellant, Marcus Demon Lair, of one count of attempted capi-

tal murder, seven counts of aggravated robbery, seven counts of aggravated kidnapping, six counts of deadly conduct, one count of burglary of a habitation, and one count of theft. The jury then assessed punishment at confinement for life and a $10,000 fine for the attempted capital murder offense, confinement for life for each aggravated robbery and aggravated kidnapping offense, ten years' confinement for each deadly conduct offense, 20 years' confinement for the burglary-of-a-habitation offense, and two years' confinement for the theft offense. The sentences run concurrently. We dismiss the appeals for want of jurisdiction.

Appellant's counsel on appeal has filed a brief stating that the appeals are without merit, frivolous, and must be either affirmed or dismissed. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Specifically, counsel notes that the notices of appeal are untimely. We agree.

The time limit for perfecting an appeal from a judgment of conviction begins to run on the day that sentence is imposed or suspended in open court. Tex.R.App. P. 26.2(a); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex.Crim.App.1993) (written judgment of conviction is not "appealable order" within meaning of rule; the defendant does not have option of calculating time limit from day written judgment is signed and entered by trial court) (construing predecessor rule). In these cases, sentence was imposed in open court on October 23, 2007. Because no motion for new trial was filed, the notices of appeal were due 30 days later, on November 22, 2007. Tex.R.App. P. 26.2(a). Notices of appeal were not filed until November 30, 2007, over a week too late.

The time for filing the notice of appeal may be extended if, within fifteen days of the deadline for filing the notice of appeal, the appellant files the notice of appeal and a motion complying with Rule 10.5(b). *See* Tex.R.App. P. 26.3; 10.5(b). Although appellant's notices of appeal were filed within fifteen days of the deadline, no motions for extension of time were filed. "When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim. App.1996). Although the Court of Criminal Appeals has interpreted Rule 26.3 similarly to the Texas Supreme Court in regard to amending a defective notice of appeal, *see Few v. State*, 230 S.W.3d 184, 189–90 (Tex.Crim.App.2007); *Bayless v. State*, 91 S.W.3d 801 (Tex.Crim.App.2002), the court has not held that an extension is implied if a notice of appeal is filed within fifteen days after the deadline. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that in civil cases, "a motion for extension of time is necessarily implied" when appellant, acting in good faith, files notice of appeal beyond time permitted by Rule 26.1, but within fifteen-day period in which appellant would be entitled to move to extend filing deadline under Rule 26.3).

This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly, we dismiss the appeals for want of jurisdiction. We also dismiss all pending motions.

Justice SHARP, concurring.

JIM SHARP, Justice, concurring.

I concur in the judgments, but write separately to encourage the adoption of the holding of *Verburgt*[1] to late-filed notices of appeal in criminal cases.

I recognize that, under the holding of *Olivo*,[2] we are compelled to dismiss the attempted appeals in this case for want of jurisdiction. But the decision in *Olivo* preceded the Texas Supreme Court's decision in *Verburgt* by a year, and the *Olivo* court cited to appellate decisions in civil cases that have since been effectively overruled by *Verburgt*. *See Olivo*, 918 S.W.2d at 524. Since the supreme court's decision in *Verburgt*, the Texas Court of Criminal Appeals has neither adopted nor declined to adopt the holding of *Verburgt*. Nor has it addressed the change in civil appellate jurisprudence as a result of *Verburgt* or the disparate treatment of criminal and civil appellants resulting from the inconsistent holdings of *Olivo* and *Verburgt*.

I recognize that a criminal appellant may file—and would prevail on—a petition for writ of habeas corpus requesting an out-of-time appeal because his counsel failed to file both a notice of appeal and a motion for extension of time within fifteen days of the deadline for filing the notice of appeal. But such remedy is cumbersome, costly, inefficient, and elevates form over substance only to return the criminal appellant to the same position now enjoyed by civil appellants without such collateral proceedings. I see no reason why potential civil and criminal appellants, identically situated, should be treated differently.

In the twelve years that have passed since the two highest courts of our state took divergent paths on this question, the Court of Criminal Appeals has "functionally embraced an approach to perfecting appeals and notice of appeal closer to that of the Texas Supreme Court" which declines "to elevate form over substance." *See Few v. State*, 230 S.W.3d 184, 189 (Tex.Crim. App.2007) (internal citations and quotations omitted). It has also stated that "a person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities." *Id.* at 190. Adopting the holding of *Verburgt* would further this purpose and also provide for more uniform justice for those who seek relief from the appellate courts of our state. Criminal appellants should not find the door to the appellate courts closed to them while civil appellants in an identical procedural posture are permitted to enter and to have their case heard. But before an appellant may enter, he must knock. Appellants must petition the Court of Criminal Appeals to consider this issue. I urge appellants to provide the Court of Criminal Appeals an opportunity to adopt the holding of *Verburgt* and to bring procedural consistency to our civil and criminal appellate jurisprudence.

---

**1.** *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997).

**2.** *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim.App.1996).