**Motion to Dismiss Granted, Motion for Extension of Time Denied, Appeal Dismissed, Memorandum Opinion filed December 13, 2011, Withdrawn and Substitute Memorandum Opinion filed January 12, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00898-CR

_____

**LINZALE DORSETTE GREER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09CR3730**

## MEMORANDUM OPINION

We withdraw our memorandum opinion filed December 13, 2011, and issue the following substitute memorandum opinion in its place.

Appellant was convicted of aggravated kidnapping, and on July 1, 2011, the trial court sentenced appellant to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely motion for new trial. In a criminal case in which a motion for new trial has been timely filed, an appeal is perfected when a notice of appeal is filed within ninety days after the day sentence is imposed or

suspended in open court.   Tex. R. App. P. 26.2(a)(2).   Accordingly, appellant's notice of appeal was due September 29, 2011, but it was not filed until October 7, 2011.   No motion for extension of time was filed at the time the notice of appeal was filed.   *See* Tex. R. App. P. 26.3 (permitting enlargement of the time to perfect an appeal if, within fifteen days after the deadline for filing the notice, the party files in the appellate court the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure).

On November 22, 2011, the State filed a motion to dismiss the appeal for want of jurisdiction, asserting that appellant's notice of appeal is untimely because it was filed more than ninety days after sentencing.   In response, on December 2, 2011, appellant filed a motion for extension of time to file the notice of appeal.

This court's appellate jurisdiction is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).   Unlike the rule in civil cases,[1] when a notice of appeal in a criminal case is filed within the fifteen-day period after the due date, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction.   *See id*.

Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction.[2] *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, we grant the State's motion to dismiss, and deny appellant's motion for an extension of time to file the notice of appeal.

---

[1]  The Court of Criminal Appeals has not followed *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), which holds that an extension is implied if a notice of appeal is filed within fifteen days after the deadline. *See Lair v. State,* 321 S.W.3d 158, 160 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Sharp, J., concurring) (advocating the adoption of the *Verburgt* rule to late notices of appeal in criminal cases).

[2]  Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this court.   *See* Tex. Code Crim. Proc. art. 11.07 § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).