**Opinion issued June 16, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-13-00960-CR

————————————

**RONNIE DUSTIN HARRISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1302555**

---

## MEMORANDUM OPINION

A jury convicted appellant, Ronnie Dustin Harrison, of the second-degree felony offense of sexual assault of a child and the court assessed his punishment at fifteen years' confinement in the Texas Department of Criminal Justice,

Institutional Division. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (f) (West 2011). We dismiss the appeal for want of jurisdiction.

Because the record reflected that appellant's notice of appeal appeared to be untimely, we notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a written response to our notice that provided a detailed explanation, citing relevant portions of the record, statutes, rules, and case law demonstrating the court's jurisdiction over the appeal. In his response, appellant contended that his notice was timely filed on September 18, 2013, and, in the alternative, appellant moved for an extension of time to file his notice of appeal.

Generally, a defendant's notice of appeal in a criminal case is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the date the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

In this case, appellant's sentence was imposed on June 19, 2013. Because he filed a timely motion for new trial, appellant was required to file his notice of appeal by September 17, 2013—ninety days after his sentence was imposed in

2

open court. *See* TEX. R. APP. P. 26.2(a)(2). Appellant, however, did not file his notice of appeal until September 18, 2013, at the earliest.[1]

Although appellant's untimely notice of appeal was filed within fifteen days of the September 17, 2013 deadline, no motion for extension of time was filed during this time. "When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *see also Lair v. State*, 321 S.W.3d 158, 159–60 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522; *see also Lair*, 321 S.W.3d at 159–60. If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

---

[1] Although appellant contends that he filed his notice of appeal on September 18, 2013, the appellate record reflects that the notice of appeal may have been filed as late as September 23, 2013. Both dates, however, are more than ninety days after the imposition of sentence in this case.

Accordingly, we dismiss the appeal for want of jurisdiction. We also dismiss any pending motions.

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).