

NUMBER 13-16-00193-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STEFAN KYLE BONIABY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 180th District Court
of Harris County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam**

Appellant, Stefan Kyle Boniaby, attempted to perfect an appeal from a judgment

of conviction for aggravated robbery with a deadly weapon. *See* TEX. PEN. CODE ANN. §

29.03(a)(2) (West, Westlaw through 2015 R.S.).[1]  Sentence was imposed in this cause

---

[1] This case is before the Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

on September 23, 2015. Appellant did not file a motion for new trial and filed his notice of appeal on March 2, 2016. *See* TEX. R. APP. P. 25.2(c). We dismiss the appeal for want of jurisdiction.

On April 6, 2016, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant did not correct the defect or file a response to this Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due within thirty days after sentence was imposed in open court; however, his notice of appeal was not filed until almost six months after sentence was imposed. *See id.* R. 26.2(a). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant

may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2015 R.S.); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of June, 2016.