**Opinion issued August 11, 2016**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-16-00036-CR

### NO. 01-16-00037-CR

————————————

**SHAUN TYRONE STUBBLEFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1437577 and 1437578**

---

**MEMORANDUM OPINION**

Appellant, Shaun Tyrone Stubblefield, without agreed punishment

recommendations from the State, pleaded guilty to the felony offenses of evading

arrest or detention—motor vehicle[1] and driving while intoxicated, third offense.[2]  On July 17, 2015, the trial court assessed punishment at confinement for four years in each case, with the sentences to run concurrently.  Five months later, appellant filed in each case a "Motion Requesting a Due Process Review of Reducing His Illegal Sentence Tex. Const. Art. 1, § 29."  The trial court denied the motions, and appellant filed pro se notices of appeal.  The State has filed a motion to dismiss the appeals for want of jurisdiction.

We dismiss the appeals.

We lack jurisdiction over appellant's attempted appeals.  Appeals in criminal cases are permitted only when they are specifically authorized by statute.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (citations omitted); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002).  Absent any statutory authority for an appeal, we do not have jurisdiction over appeals from the trial court's denial of appellant's motions for a "Due Process Review."

Further, we do not have jurisdiction over appeals of the July 17, 2015 judgments of conviction.  We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal.  *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*,

---

[1]     *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (Vernon Supp. 2015).

[2]     *See* TEX. PENAL CODE ANN. § 49.04, 49.09(b)(2) (Vernon Supp. 2015).

981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended in open court or within ninety days after that date if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *see Bayless*, 91 S.W.3d at 806 (citing TEX. R. APP. P. 26.2); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citations omitted). The clerk's records filed in this Court do not reflect that appellant filed a motion for new trial in either trial court case. And were we to consider appellant's motions for a "Due Process Review" as motions for new trial, the motions were untimely. *See* TEX. R. APP. P. 21.4(a). Because timely motions for new trial were not filed, appellant's notices of appeal were due to be filed no later than August 17, 2015. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1); *Lair*, 321 S.W.3d at 159. Appellant's notices of appeal, filed on January 4, 2016, were untimely to perfect appeals of the July 17, 2015 judgments of conviction. *See Lair*, 321 S.W.3d at 159.

Accordingly, we grant the State's motions, dismiss the appeals for lack of jurisdiction, and dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).