**Opinion issued August 16, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-01086-CR

————————————

**KEVIN RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1385133**

---

## MEMORANDUM OPINION

Appellant, Kevin Ramirez, without an agreed punishment recommendation from the State, pleaded "no contest" to the offense of aggravated robbery with a

deadly weapon.[1] The trial court ordered a pre-sentence investigation and, after a hearing, found appellant guilty and assessed punishment at confinement for twenty-five years. Appellant filed a pro se notice of appeal. We dismiss the appeal for lack of jurisdiction.

Appellant's appointed counsel on appeal has filed a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel also notes that appellant's notice of appeal was not timely filed.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The time for filing a notice of appeal of a judgment of conviction begins to run on the day sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a); *see Olivo*, 918 S.W.3d at 522; *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Here, the trial court imposed sentence and signed the judgment of conviction on September 30, 2015. Because a motion for new trial was not filed, appellant's notice of appeal was due to be filed no later than

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

October 30, 2015. *See* TEX. R. APP. P. 26.3(a); *Olivo*, 918 S.W.2d at 522. Appellant's notice of appeal, filed on December 15, 2015, was untimely.[2]

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[2]    Retained counsel represented appellant in the trial court. In his pro se notice of appeal, appellant stated that he was indigent and asked the trial court for a court-appointed attorney. The trial court then appointed counsel to represent appellant on appeal.