**Opinion issued October 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00504-CR

————————————

**SERGIO OLVERA-CANTU, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1430886**

---

## MEMORANDUM OPINION

Appellant, Sergio Olvera-Cantu, without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession

of marihuana of more than two thousand pounds.[1] The trial court found appellant guilty and assessed his punishment at confinement for fifteen years.[2] Appellant filed a pro se "Motion Requesting a Due Process Review of Reducing His Illegal Sentence" and a pro se notice of appeal. We dismiss the appeal for lack of jurisdiction.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended in open court or within ninety days after that date if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). The trial court imposed sentence and signed the judgment of conviction on June 2, 2015. The clerk's record filed in this Court does not reflect that appellant filed a motion for new trial. And even if appellant's motion for a due process review of his sentence

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(6) (West 2010).

[2]  On June 2, 2015, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that states "WOAR (15 years per Judge)." A conviction of possession of marihuana of more than two thousand pounds is punishable by imprisonment for life or a term of not more than ninety-nine years or less than five years. *Id.* § 481.121(b)(6).

were considered a motion for trial, that motion was untimely. *See* TEX. R. APP. P. 21.4(a). Because a timely motion for new trial was not filed, appellant's notice of appeal was due to be filed no later than July 2, 2015. *See* TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522. Appellant's notice of appeal, filed on June 3, 2016, was untimely.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).