**Opinion issued May 16, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-19-00244-CR

———————————————

## ROCKY ANNIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 73315**

---

## MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, Rocky Annis, pleaded

guilty to the felony offense of driving while intoxicated, third offense.[1]  The trial

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2).

court found appellant guilty, assessed his punishment at confinement for eight years, suspended the sentence, and placed appellant on community supervision for eight years. Appellant filed a pro se notice of appeal. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the State's motion and dismiss the appeal.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended in open court or within ninety days after that date if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *see Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016); *Bayless v. State*, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Here, the trial court suspended appellant's sentence on July 2, 2015, and signed the judgment of conviction on July 10, 2015. The record filed in this Court does not show that appellant filed a motion for new trial. *See* TEX. R. APP. P. 21.4(a). Appellant's notice of appeal, therefore, was due to be filed no later than August 3, 2015. *See id.* 4.1, 26.2(a)(1); *Olivo*, 918 S.W.2d at 522. His notice of appeal, filed more than three and one-half years later, on March 27, 2019, was untimely to perfect

an appeal, and we have no basis for jurisdiction over the appeal. *See Olivo*, 918 S.W.2d at 522; *Lair*, 321 S.W.3d at 159. In his response to the State's motion to dismiss the appeal, appellant states that he was "victimized" and "not well" when his case was in litigation, he attempted "to gather information" to pursue an appeal, and his trial-court counsel was ineffective. However, this Court has no authority to allow the late filing of a notice of appeal except as provided by Texas Rule of Appellate Procedure 26.3. *See Olivo*, 918 S.W.2d at 522; *Lair*, 321 S.W.3d at 159. If an appeal is not timely perfected, we do not obtain jurisdiction to address the merits of the appeal and "can take no action other than to dismiss the appeal." *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we grant the State's motion and dismiss the appeal for want of jurisdiction. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.
Do not publish. TEX. R. APP. P. 47.2(b).

3