Opinion issued November 26, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00636-CR

————————————

**XAVIER COX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1549067**

---

## MEMORANDUM OPINION

Appellant, Xavier Cox, challenges the trial court's judgment of conviction on appellant's plea of guilty to aggravated robbery with a deadly weapon. We dismiss the appeal for lack of jurisdiction.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. TEX. R. APP. P. 26.2(a); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)). A defendant's notice of appeal is timely if filed within 30 days after the date sentence is imposed or suspended in open court or the trial court enters an appealable order.[1] TEX. R. APP. P. 26.2(a); *see also Bayless v. State*, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002).

Here, the trial court signed and entered its judgment of conviction on April 4, 2019. Appellant's notice of appeal, therefore, was due to be filed no later than May 6, 2019. TEX. R. APP. P. 26.2(a)(1); *Lair*, 321 S.W.3d at 159; *see also* TEX. R. APP. P. 4.1(a) (extending deadline to file notice of appeal from Saturday to Monday). Appellant's July 31, 2019 notice of appeal was untimely to perfect an appeal of the April 4, 2019 order, and we have no basis for jurisdiction over the appeal.[2]

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

---

[1] Appellant did not file a motion for new trial, which would have extended his deadline to file a notice of appeal to 90 days after his judgment of conviction. TEX. R. APP. P. 26.2(a)(2).

[2] To the extent appellant argues he was denied effective assistance of counsel during post-conviction proceedings, such claims generally should be raised by a post-conviction writ of habeas corpus rather than on direct appeal. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Panel consists of Justices Keyes, Goodman, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).