

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00359-CR

AUSTIN CALLAWAY SELLERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 28,416-A, Honorable Dan L. Schaap, Presiding

January 12, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Austin Callaway Sellers, appeals his conviction for assault of a family or household member,[1] enhanced, and sentence to six years' confinement. We dismiss the appeal for want of jurisdiction.

The trial court sentenced appellant on November 4, 2020. Because no motion for new trial was filed, appellant's notice of appeal was due within thirty days after sentence

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2020).

was imposed, i.e., by December 4, 2020. *See* TEX. R. APP. P. 26.2(a)(1) (requiring a notice of appeal to be filed within thirty days after sentence is imposed). Appellant filed a notice of appeal on December 17, 2020, without filing a motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3 (allowing appellate courts to extend the time to file a notice of appeal if the notice and a motion for an extension is filed within fifteen days of the deadline).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for lack of jurisdiction. *Id.* When a notice of appeal, but no motion for an extension of time, is filed within the fifteen-day extension period, an appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction.[2] *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (en banc).

By letter of December 22, 2020, we notified appellant of the consequences of his late notice of appeal and directed him to file a response showing how we have jurisdiction by December 31. Appellant did not file a response and has had no further communication with this Court.

---

[2] Unlike civil appeals, a motion for an extension of time is not implied when a notice of appeal is filed within the fifteen-day extension period. *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Because appellant's notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction.[3]

Per Curiam

Do not publish.

---

[3] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).