

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-21-00110-CR

———————————————————

ARMANDO BROOKS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F21-833-362

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Armando Brooks pleaded guilty to second-degree-felony possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.116. On June 25, 2021, the trial court convicted Brooks and sentenced him to 12 years' confinement. Brooks's court-appointed appellate counsel filed a notice of appeal on August 6, 2021, 11 days late. *See* Tex. R. App. P. 26.2(a)(1); *see also* Tex. R. App. P. 4.1(a).

Because Brooks's notice of appeal was untimely, we notified Brooks's counsel by letter of our concern that we thus lacked jurisdiction over this appeal. In our letter, we explained that because Brooks did not move for a new trial, his notice of appeal was due July 26, 2021, but was not filed until August 6, 2021. *See* Tex. R. App. P. 26.2(a); *see also* Tex. R. App. P. 4.1(a). We warned Brooks's counsel that we could dismiss this appeal for want of jurisdiction unless, within ten days, he or any other party desiring to continue the appeal filed a response showing grounds for continuing it. *See* Tex. R. App. P. 44.3. Ten days have passed, and we have received no response.

A timely filed notice of appeal is a jurisdictional prerequisite to perfecting an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is untimely filed, an appellate court must dismiss the appeal for lack of jurisdiction. *Castillo*, 369 S.W.3d at 198. When, as here, a notice of appeal is filed within the 15-day extension period but is unaccompanied by a motion to extend time, an appellate court lacks jurisdiction to dispose of the appeal in any manner other than by dismissing it

for want of jurisdiction.[1] *Olivo*, 918 S.W.2d at 523; *see* Tex. R. App. P. 26.2, 26.3. We thus dismiss this appeal for want of jurisdiction.[2] *See Olivo*, 918 S.W.2d at 523; *see also* Tex. R. App. P. 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 10, 2021

---

[1]Unlike civil appeals, a motion to extend time is not implied when a notice of appeal is filed within the 15-day extension period. *See, e.g.*, *Campbell v. State*, No. 02-20-00148-CR, 2020 WL 6601607, at *1 (Tex. App.—Fort Worth Nov. 12, 2020, no pet.) (mem. op., not designated for publication); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

[2]Brooks may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07.