**Opinion issued February 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00700-CR

———————————

**MICHAEL JERMAINE GORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1484196**

---

## MEMORANDUM OPINION

After appellant, Michael Jermaine Gore, pleaded guilty to the felony offense of compelling prostitution,[1] the trial court deferred adjudication of appellant's guilt and placed him on community supervision for ten years. The State, alleging

---

[1] *See* TEX. PENAL CODE ANN. § 43.05.

numerous violations of the conditions of appellant's community supervision, subsequently moved to adjudicate his guilt. On December 7, 2018, the trial court signed a judgment in which it found that appellant had violated certain conditions of his community supervision, found appellant guilty, and assessed his punishment at confinement for twelve years. Appellant filed a pro se notice of appeal on December 13, 2021.

We dismiss the appeal for lack of jurisdiction.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). A defendant's notice of appeal is timely if it is filed within thirty days after the date the sentence is imposed or suspended in open court, or within ninety days after the date the sentence is imposed or suspended in open court if the defendant files a motion for new trial. TEX. R. APP. P. 26.2(a); *see Bayless v. State*, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002). The time for filing a notice of appeal can also be extended if, within fifteen days of the deadline for filing the notice of appeal, a defendant files his notice of appeal in the trial court and a motion for extension of time that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3; *Lair*, 321 S.W.3d at 159; *see also Olivo*, 918 S.W.2d at

522 (requiring both notice of appeal and motion for extension to be filed within fifteen days of original due date for notice of appeal).

On December 7, 2018, the trial court signed and entered its judgment. The appellate record does not indicate that any post-trial motion which would extend the deadline to file a notice of appeal was filed. Accordingly, any notice of appeal was due to be filed with the trial court within thirty days after the entry of the trial court's judgment, on or before January 7, 2019.

On December 13, 2021, appellant filed his pro se notice of appeal from the trial court's December 7, 2018 judgment. Because appellant's notice of appeal is untimely filed, we lack jurisdiction to address the merits of his appeal and can take no other action than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Further, the appellate record includes a certification of appellant's right of appeal stating that this "is a plea-bargain case, and the [appellant] has NO right of appeal." This certification is supported by the appellate record.

The Texas Rules of Appellate Procedure set out the right to appeal for criminal defendants. Rule 25.2(a) states that in a case where a defendant voluntarily pleaded guilty, the defendant may only appeal "those matters that were raised by written motion filed and ruled on before trial" or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(A), (B). Here, appellant does not appeal from

any matter "raised by written motion filed and ruled on before trial," nor did the trial court grant appellant permission to appeal.

Accordingly, we have no jurisdiction to consider appellant's appeal and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Goodman, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).