# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00253-CR

---

**Darrell Everett Stewart, II, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 483RD DISTRICT COURT OF HAYS COUNTY**
**NO. CR-21-1874-B, THE HONORABLE TANNER NEIDARDT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Darrell Everett Stewart, II, has filed a notice of appeal from his judgment of conviction for the felony offense of assault-family violence. *See* Tex. Penal Code § 22.01(b)(2)(B). Because the notice of appeal is untimely, we must dismiss the appeal for want of jurisdiction.

In criminal cases, the notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court or within 90 days if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion for extension of time to file his notice of appeal. Tex. R. App. P. 26.3. However, in criminal cases, unlike in civil cases, we cannot imply a motion for extension of time when a notice of appeal is filed

within fifteen days of the deadline. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). *Cf. Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that "a motion for extension of time is necessarily implied when an appellant acting in good faith" files notice of appeal "within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline").

Stewart's sentence was imposed in open court on March 24, 2023. He did not file a motion for new trial. Thus, Stewart's notice of appeal was due on April 23, 2023. Because that date fell on a Sunday, his notice of appeal was due the following Monday, April 24, 2023. *See* Tex. R. App. P. 4.1(a); *Williams v. State*, 603 S.W.3d 439, 448 (Tex. Crim. App. 2020). Stewart's notice of appeal was filed electronically on April 25, 2023. *See* Tex. R. App. P. 9.2(c). He did not file a motion for extension of time. Consequently, the notice of appeal is untimely, and we have no discretion to do anything other than dismiss the appeal.[1] *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction."); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) ("If an appeal is not timely perfected, a court of appeals . . . . can take no action other than to dismiss the appeal.").

---

[1] The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07; *Ex parte Axel*, 757 S.W.2d 369, 374–75 (Tex. Crim. App. 1988); *Lucero v. State*, No. 03-20-00064-CR, 2020 WL 938976, at *1 (Tex. App.—Austin Feb. 27, 2020, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal for want of jurisdiction.

_____
Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed:   June 28, 2023

Do Not Publish