

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00415-CR
No. 07-23-00416-CR

**JACOB AARON VERA, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 4144, 4145, Honorable Stuart Messer, Presiding

November 21, 2023

## MEMORANDUM OPINION

Before QUINN. C.J., and PARKER and YARBROUGH, JJ.

Appellant, Jacob Aaron Vera, appeals from the trial court's judgments adjudicating him guilty of two counts of aggravated sexual assault of a child[1] and sentencing him to forty years' confinement for each count, to be served consecutively. We dismiss the untimely appeals for want of jurisdiction.

---

[1] TEX. PENAL CODE ANN. § 22.021.

Appellant was sentenced on September 18, 2023. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentence was imposed, i.e., by October 18, 2023. *See* TEX. R. APP. P. 26.2(a) (requiring a notice of appeal to be filed within thirty days after sentence is imposed or within ninety days if the defendant timely files a motion for new trial). Appellant filed a notice of appeal on October 31, 2023, within the fifteen-day extension period, but did not file a motion for extension until November 6, after the fifteen-day extension period expired. *See* TEX. R. APP. P. 26.3 (permitting an appellate court to extend the time to file a notice of appeal if a notice and a motion for extension are filed within fifteen days of the notice of appeal deadline). Appellant's motion for extension explained that his late notice of appeal was due to a delay in the appointment of counsel.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). Although appellate courts may extend the time to file a notice by fifteen days pursuant to Rule of Appellate Procedure 26.3, when a notice of appeal but no motion for extension of time is filed within the fifteen-day extension period, an appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (en banc); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (explaining that in criminal appeals, no motion for extension is implied when a notice of appeal is filed within fifteen days of the deadline).

Because Appellant did not file his motion for extension of time to file a notice of appeal within the fifteen-day grace period provided by appellate rule 26.3, we must deny

2

the requested extension.  *See* TEX. R. APP. P. 26.3; *Olivo*, 918 S.W.2d at 522.  Appellant's notice of appeal is, therefore, untimely.

Accordingly, we dismiss the appeals for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.