# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00047-CR

---

**Justin Amar Bell, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 20-0847-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain, appellant Justin Amar Bell was convicted of possession of a controlled substance in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.115(a), (d).  On December 19, 2023, the trial court sentenced him to seven years' confinement but suspended the sentence and placed him on probation for four years and 87 days.  Bell has filed a notice of appeal from the denial of his pretrial motion to suppress.  Because the notice of appeal is untimely, we must dismiss the appeal for want of jurisdiction.

In criminal cases, a notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order.  Tex. R. App. P. 26.2(a)(1).  The period is extended to within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for

new trial. Tex. R. App. P. 26.2(a)(2). An appellate court may also extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files in the trial court the notice of appeal and files in the appellate court a motion for extension of time to file his notice of appeal. Tex. R. App. P. 26.3. However, in criminal cases, unlike in civil cases, we cannot imply a motion for extension of time when a notice of appeal is filed within fifteen days of the deadline. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). *Cf. Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that "a motion for extension of time is necessarily implied when an appellant acting in good faith" files notice of appeal "within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline").

Because Bell did not file a motion for new trial, his notice of appeal was due on January 18, 2024. *See* Tex. R. App. P. 4.1(a). It was filed electronically, however, on January 19, 2024, one day after the statutory deadline. *See* Tex. R. App. P. 9.2(c). He did not file a motion for extension of time. Consequently, his notice of appeal is untimely, and we have no discretion to do anything other than dismiss the appeal.[1] *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that "[a] notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction" and that if appeal is not timely perfected, "a court of appeals does not obtain jurisdiction to address the merits of the appeal" and "can take no action other than to dismiss the appeal"); *see also*

---

[1] The remedy for an untimely notice of appeal is to file an application for post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.072; *Lucero v. State*, No. 03-20-00064-CR, 2020 WL 938976, at *1 n.1 (Tex. App.—Austin Feb. 27, 2020, no pet.) (mem. op., not designated for publication).

2

*Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (noting that "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure").

Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed:   March 7, 2024

Do Not Publish