Opinion issued June 4, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00313-CR

_____

**KEDY JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 209th District Court
Harris County, Texas
Trial Court Case No. 1714118

## MEMORANDUM OPINION

Appellant, Kedy Johnson, filed a notice of appeal from the trial court's March 6, 2024 Judgment of Conviction by Court. The court's records reflect that appellant did not timely file a motion for new trial. Accordingly, any notice of appeal was due to be filed with the trial court within thirty days after the entry of the final judgment,

on or before April 5, 2024. *See* TEX. R. APP. P. 26.2(a)(2). Appellant's notice of appeal was untimely filed on April 22, 2024.

A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). If a notice of appeal is not timely filed, the appellate court lacks jurisdiction to address the merits of the case and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Notably however, the Texas Rules of Appellate Procedure allow for an extension of time to file a notice of appeal where the appellant, within fifteen days of the deadline to file the notice of appeal: (a) files the notice of appeal in the trial court *and* (b) files a motion for extension of time to file a notice of appeal, complying with Texas Rule of Appellate Procedure 10.5(b), with the appellate court. *See* TEX. R. APP. P. 26.3. Provided the extension of time prescribed by the rules, appellant was required to file both his notice of appeal with the trial court and a motion for extension of time to file a notice of appeal with this Court on or before April 22, 2024. *See* TEX. R. APP. P. 4.1(a).

Appellant's notice of appeal, filed on April 22, 2024, was therefore filed within the extended period provided by Texas Rule of Appellate Procedure 26.3. However, while appellant filed a "Motion for Extension of Time to File Notice of

Appeal," his motion was not filed with this Court until April 23, 2024. Accordingly, appellant failed to file both his notice of appeal in the trial court and his motion to extend time to file his notice of appeal with this Court within the extended period provided by Rule 26.3. *See* TEX. R. APP. P. 26.2, 26.3. This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3.[1] *See Olivo*, 918 S.W.2d at 522.

Absent a timely filed notice of appeal, we lack jurisdiction and cannot consider the merits of appellant's appeal. *See Olivo*, 918 S.W.2d at 522; *Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (concluding filing notice of appeal and motion for extension of time to file notice of appeal one day late was "enough to deprive the appellate court of jurisdiction").

Accordingly, we deny appellant's motion for extension to file his notice of appeal and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

---

[1] In civil cases, the Texas Supreme Court has held that a motion for extension of time to file a notice of appeal may be implied where a party files its notice of appeal within the fifteen-day window allowed by Texas Rule of Appellate Procedure 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, this "implied" motion for extension to file a notice of appeal has not been adopted by the Texas Court of Criminal Appeals and does not apply in criminal appeals. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Lair v. State*, 321 S.W.3d 158, 160 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Sharp, J., concurring) (concurring in dismissal of appeal for lack of jurisdiction because of untimely filed notice of appeal, "but writ[ing] separately to encourage the adoption of the holding of *Verburgt* to late-filed notices of appeal in criminal cases").

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish.   TEX. R. APP. P. 47.2(b).