**Opinion issued June 19, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-25-00237-CR

————————————

### RICHARD MCINTOSH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 2473721**

---

## MEMORANDUM OPINION

Appellant, Richard McIntosh, filed a notice of appeal from the trial court's February 24, 2025 final judgment, convicting appellant of the misdemeanor offense of harassing communication. *See* TEX. PEN. CODE ANN. § 42.07. The court's records reflect that appellant did not timely file a motion for new trial. Accordingly,

any notice of appeal was due to be filed with the trial court within thirty days after the sentence was imposed, on or before March 26, 2025. *See* TEX. R. APP. P. 26.2(a)(2). Appellant's notice of appeal was untimely filed on March 31, 2025.

A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). If a notice of appeal is not timely filed, the appellate court lacks jurisdiction to address the merits of the case and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Notably, however, the Texas Rules of Appellate Procedure allow for an extension of time to file a notice of appeal where the appellant, within fifteen days of the deadline to file the notice of appeal: (a) files the notice of appeal in the trial court *and* (b) files a motion for extension of time to file a notice of appeal, complying with Texas Rule of Appellate Procedure 10.5(b), with the appellate court. *See* TEX. R. APP. P. 26.3. Taking into account the extension of time provided by the rules, to invoke this Court's jurisdiction, appellant was required to file both his notice of appeal with the trial court and motion for extension of time to file a notice of appeal with this Court on or before April 10, 2025.

Appellant's notice of appeal, filed on March 31, 2025, was therefore filed within the extended period provided by rule 26.3. However, the Court's records do

not indicate that appellant filed a motion for extension of time to file a notice of appeal within the extended deadline. Accordingly, appellant failed to file both his notice of appeal in the trial court and motion to extend time to file his notice of appeal with this Court within the extended period provided by rule 26.3. *See* TEX. R. APP. P. 26.2, 26.3.

This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3.[1] *See Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, we lack jurisdiction and cannot consider the merits of this appeal. *See Olivo*, 918 S.W.2d at 522; *Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (concluding filing notice of appeal and motion for extension of time to file notice of appeal one day late was "enough to deprive the appellate court of jurisdiction").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

---

[1] In civil cases, the Texas Supreme Court has held that a motion for extension of time to file a notice of appeal may be implied where a party files its notice of appeal within the fifteen-day window allowed by rule 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, this "implied" motion for extension to file a notice of appeal has not been adopted by the Texas Court of Criminal Appeals and does not apply in criminal appeals. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Lair v. State*, 321 S.W.3d 158, 160 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Sharp, J., concurring) (concurring in dismissal of appeal for lack of jurisdiction because of untimely filed notice of appeal, "but writ[ing] separately to encourage the adoption of the holding of *Verburgt* to late-filed notices of appeal in criminal cases").

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish.   Tᴇx. R. Aᴘᴘ. P. 47.2(b).