**Opinion issued May 12, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-26-00039-CR**

**NO. 01-26-00040-CR**

———————————

**EMMANUEL ARANSIOLA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case Nos. 24-DCR-106461 and 24-DCR-107554**

---

**MEMORANDUM OPINION**

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A notice of appeal must be filed within 30 days of sentencing or 90 days, if a timely motion for new trial is filed. TEX. R. APP. P. 26.2(a). That deadline may be extended if, within 15

days after it expires, the appellant files both a notice of appeal and a motion for extension. *Id.* 26.3; *Olivo*, 918 S.W.2d at 526.

Appellant was convicted of two counts of sexual assault of a child and sentenced on September 29, 2025. He timely moved for new trial, extending the appellate deadline to December 29, but appellant filed his appeal on January 9, 2026.

Appellant contends that his January 9 notice of appeal independently constituted an implied motion for extension under *Verburgt v. Dorner* because it was filed within the 15-day extension period. 959 S.W.2d 615 (Tex. 1997). He also argues that he timely filed a motion for extension—but in the Fourteenth Court of Appeals—and that this filing preserves appellate jurisdiction for this criminal case under the "bona fide attempt to appeal" doctrine discussed in *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003).

Because this is a criminal case, we must apply precedent from the Texas Court of Criminal Appeals to decide this issue. *See State v. Chody*, 722 S.W.3d 333, 336 (Tex. App.—Austin 2025, pet. filed Oct. 29, 2025). And the Court of Criminal Appeals has not adopted *Verburgt*. *See Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Sharp, J., concurring). Rather, the Court of Criminal Appeals has held that failure to file *both* the notice of appeal and extension motion within fifteen days renders a criminal appeal untimely. *See Olivo*,

918 S.W.2d at 523; *see also Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.–Houston [1st Dist.] 1999, no pet.).

Appellant has not cited—and the Court has not found—any authority holding that, in a criminal case, filing a motion to extend in another court preserves jurisdiction. Instead, "[t]his Court has no authority to allow the late filing of a notice of appeal [in a criminal case] except as provided by Texas Rule of Appellate Procedure 26.3." *Martinez v. State*, No. 01-20-00299-CR, 2021 WL 4432538, at *1 (Tex. App.—Houston [1st Dist.] Sept. 28, 2021, no pet.) (mem. op., not designated for publication) (citing *Olivo*, 918 S.W.2d at 522). And appellant failed to do that.

Accordingly, when an appeal is not timely perfected in a criminal case, the only permissible action is dismissal. *See Olivo*, 918 S.W.2d at 522. We therefore dismiss this appeal for want of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams, Justices Guerra and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).