# NO. 12-20-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN ALLEN JONES,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 2ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Justin Allen Jones filed a notice of appeal to challenge his conviction in trial court cause number 21394. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that an appellate court may extend the time to file the notice of appeal if, within fifteen days after the filing deadline, the party "(a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." TEX. R. APP. P. 26.3.

In this case, sentence was imposed on November 6, 2020, and the case information sheet from the Cherokee County District Clerk's Office reflects that Appellant did not file a motion for new trial; thus, Appellant's notice of appeal was due on or before December 7. *See* TEX. R. APP. P. 26.2(a). Appellant filed his notice of appeal on December 14 and did not file a motion for extension of time.

On December 16, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal

would be dismissed unless the information was amended on or before December 28 to show this Court's jurisdiction. This deadline passed without a response from Appellant.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." ***State ex rel. Lykos v. Fine***, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also* ***Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is filed within the fifteen-day period, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. ***Olivo***, 918 S.W.2d at 522-23.

Here, Appellant's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3. Accordingly, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.[2] *See id.* at 522*; see also* TEX. R. APP. P. 43.2(f).

Opinion delivered January 13, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* ***Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* ***Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

[2] Unlike the Texas Supreme Court, the Texas Court of Criminal Appeals has not held that an extension is implied when a notice of appeal is filed within fifteen days after the filing deadline. ***Lair v. State***, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing ***Few v. State***, 230 S.W.3d 184, 189–90 (Tex. Crim. App. 2007), ***Bayless v. State***, 91 S.W.3d 801 (Tex. Crim. App. 2002), ***Verburgt v. Dorner***, 959 S.W.2d 615, 617 (Tex. 1997)).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 13, 2021**

**NO. 12-20-00275-CR**

**JUSTIN ALLEN JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 21394)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*