**Opinion issued November 16, 2021**



In The

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-21-00339-CR**

————————————

**JASON BADYRKA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1129647**

---

**MEMORANDUM OPINION**

Appellant, Jason Badyrka, with an agreed punishment recommendation from

the State, pleaded guilty to the felony offense of robbery.[1]  In accordance with the

plea agreement, the trial court, on August 21, 2007, assessed appellant's punishment

---

[1]     *See* TEX. PENAL CODE ANN. § 29.02.

at confinement for eight years.  Appellant filed a pro se notice of appeal on June 10, 2021.[2]

We dismiss the appeal for lack of jurisdiction.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal.  *See* TEX. R. APP. P. 26.2(a); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  A defendant's notice of appeal is timely if it is filed within thirty days after the date the sentence is imposed or suspended in open court, or within ninety days after the date the sentence is imposed or suspended in open court, if the defendant files a motion for new trial.  TEX. R. APP. P. 26.2(a); *see Bayless v. State*, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002).  The time for filing a notice of appeal can also be extended if, within fifteen days of the deadline for filing the notice of appeal, a defendant files his notice of appeal in the trial court and a motion for extension of time that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court.  *See* TEX. R. APP. P. 10.5(b), 26.3; *Lair*, 321 S.W.3d at 159; *see also Olivo*, 918 S.W.2d at 522 (requiring both notice of appeal and motion for extension to be filed within fifteen days of original due date for notice of appeal).

---

[2]  After appellant filed his pro se notice of appeal, the trial court appointed him appellate counsel.

On August 21, 2007, the trial court signed and entered its judgment of conviction.  Appellant did not file a motion for new trial and did not file a motion for extension of time to file his notice of appeal, making his notice of appeal due on or before September 20, 2007.  *See* TEX. R. APP. P. 26.2(a).

On June 10, 2021, appellant filed his pro se notice of appeal from the trial court's August 21, 2007 judgment.  Because appellant's notice of appeal is untimely filed,[3] we lack jurisdiction to address the merits of his appeal and can take no action other than to dismiss the appeal.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see also Fain v. State*, No. 01-20-00600-CR, 2020 WL 7502494, at *1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2020, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal in which appointed appellate counsel filed *Anders* brief because defendant's notice of appeal untimely filed).

We also note that in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission.  *See* TEX. CODE OF CRIM. PROC. ANN. art. 44.02;

---

[3]     Appellant's appointed appellate counsel filed an *Anders* brief acknowledging that appellant's pro se notice of appeal was untimely filed.  *See generally Anders v. California*, 386 U.S. 783 (1967).  And appellant, in his pro se response to his counsel's *Anders* brief, concedes that his notice of appeal was untimely filed.  *See Kelly v. State*, 436 S.W.3d 313, 315 (Tex. Crim. App. 2014) ("When appointed appellate counsel files a so-called *Anders* brief, the indigent appellant has a right to review the appellate record and file a response in the court of appeals . . . ." (internal footnote omitted)).

TEX. R. APP. P. 25.2(a)(2). The trial court must sign a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification is included in the record on appeal. *See* TEX. R. APP. P. 25.2(d). It states that this "is a plea-bargain case[] and [appellant] has NO right of appeal." TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Fain*, 2020 WL 7502494, at *1 (dismissing appeal in which appointed appellate counsel filed *Anders* brief because defendant entered into plea-bargain agreement, trial court's certification stated "it [was] a plea bargain case and . . . defendant ha[d] no right of appeal," and record supported trial court's certification); *Terrell v. State*, 245 S.W.3d 602, 605–06 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (dismissing appeal in which appointed appellate counsel filed *Anders* brief because defendant entered into

4

plea-bargain agreement, defendant had no right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2), and court was required to dismiss appeal without examining merits of appeal).

Finally, we note that only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Texas Code of Criminal Procedure article 11.07.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Padieu v. Court Appeals. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also Olivo*, 918 S.W.2d at 525 n.8 ("[T]he exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to . . . art[icle] 11.07." (internal quotations omitted)). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases.  [Texas Code of Criminal Procedure] [a]rticle 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (internal citations omitted).  Appellant's conviction became final on  August 21, 2007. *See Jones v. State*, 77 S.W.3d 819, 819 (Tex. Crim. App. 2002).  Thus, to the extent that appellant "wishes to raise [an ineffective assistance of counsel] claim now in . . . post-conviction proceedings," we lack jurisdiction.[4]

---

[4]     Appellant makes this statement in his pro se response to his appointed appellate counsel's *Anders* brief.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.


Julie Countiss
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).