# NOS. 12-24-00197-CR
# 12-24-00198-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY MARK HARRIS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 123RD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SHELBY COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Timothy Mark Harris filed a notice of appeal from a judgment in which sentence was imposed on April 23, 2024. In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX R. APP. P. 26.3. Here, Appellant did not file a motion for new trial. He filed a notice of appeal on June 14, after expiration of the time for filing a timely notice of appeal or a timely motion for extension.[1]

---

[1] Unlike the Texas Supreme Court, the Texas Court of Criminal Appeals has not held that an extension is implied when a notice of appeal is filed within fifteen days after the filing deadline. *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (citing *Few v. State*, 230 S.W.3d 184,

On June 14, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before June 24 to show this Court's jurisdiction.

On June 17, Appellant's counsel filed a motion for leave to file late notice of appeal. Counsel explained that he was appointed on April 24, but did not learn of the appointment until June 3. Counsel stated that the order of appointment was never sent to his email or that of his legal assistants.

As previously stated, when an appellant does not file a motion for new trial, the notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order. TEX R. APP. P. 26.2(a). But this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure. *See* TEX R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When an appellate court's jurisdiction has not been invoked with a timely notice of appeal, it may not use rule 2 to suspend the rules so as to bootstrap itself into having jurisdiction." **Sloan v. State**, No. 05-18-00259-CR, 2018 WL 2252424, at *2 (Tex. App.—Dallas May 17, 2018, no pet.) (mem. op., not designated for publication); *see* Tex R. App. P. 2 (suspension of rules). Rather, an appellant must seek an out of time appeal, which this Court lacks authority to grant. *See* **Hernandez v. State**, No. 05-19-01265-CR, 2019 WL 5541264, at *1 (Tex. App.—Dallas Oct. 28, 2019, no pet.) (mem. op., not designated for publication) ("To the extent appellant seeks an out of time appeal, he raises his complaint in the improper forum"); *see also* **Pete v. State**, No. 05-18-00573-CR, 2018 WL 3062507, at *1 (Tex. App.—Dallas June 21, 2018, no pet.) (mem. op., not designated for publication) (intermediate appellate court may obtain jurisdiction after deadlines passed "only if the Texas Court of Criminal Appeals grants the defendant the ability to pursue an out-of-time appeal"); **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.)

---

189–90 (Tex. Crim. App. 2007), **Bayless v. State**, 91 S.W.3d 801 (Tex. Crim. App. 2002), **Verburgt v. Dorner**, 959 S.W.2d 615, 617 (Tex. 1997)).

(mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (Texas Court of Criminal Appeals, District Courts, County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus); *see also Ex parte Toran*, No. WR-88,006-01, 2018 WL 1101238, at *1 (Tex. Crim. App. Feb. 28, 2018) (per curiam) (op., not designated for publication) (granting out of time appeal where trial counsel attempted to e-file notice of appeal, but notice was not received or filed and trial court recommended granting out-of-time appeal based on breakdown in the system).

Although Appellant's counsel explains the reason for the untimely notice of appeal and the notice of appeal was not timely filed due to no fault of Appellant, this Court nevertheless lacks authority to extend the time for perfecting an appeal. Thus, we ***dismiss*** Appellant's appeals for ***want of jurisdiction***. *See Olivo*, 918 S.W.2d at 522*; see Sloan*, 2018 WL 2252424, at *1-2 (dismissing for want of jurisdiction given technical issue with efiling system, noting that remedy is to seek out of time appeal); *see also Varela v. State*, No. 13-10-00521-CR, 2010 WL 4657948, at *1 (Tex. App.—Corpus Christi Nov. 18, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction where counsel argued that he efiled notice of appeal but was unaware county did not accept efilings and noting that appellant may be entitled to out of time appeal); TEX R. APP. P. 43.2(f). All pending motions are ***overruled as moot***.

Opinion delivered June 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-24-00197-CR**

**TIMOTHY MARK HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 22CR22025)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-24-00198-CR**

**TIMOTHY MARK HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 22CR22001)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*