**Opinion issued July 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00070-CR

————————————

**JORGE ALBERTO TORREZ ORTIZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1765877**

---

## MEMORANDUM OPINION

Appellant Jorge Alberto Torrez Ortiz was found guilty by a jury of the offense of continuous sexual abuse of a child. The State and appellant agreed on punishment of thirty years in the Institutional Division of the Texas Department of Criminal Justice, in exchange for a waiver of appellant's right to appeal. The trial court

imposed the sentence on December 19, 2023, and certified that "the defendant has waived the right to appeal." Appellant filed a notice of appeal on January 19, 2024. The State has filed a motion to dismiss the appeal for want of jurisdiction, asserting that (1) appellant's notice of appeal was untimely and (2) appellant waived his right to appeal. We grant the motion and dismiss the appeal.

### *Appellant's Notice of Appeal was Untimely*

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In criminal cases, the appellant must file a notice of appeal within 30 days after the day sentence is imposed. *See* TEX. R. APP. P 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of the deadline for filing the notice of appeal, appellant files both a notice of appeal and a motion for extension of time compliant with Rule 10.5(b). *See* TEX. R. APP. P. 26.3; *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The limited, 15-day extended time period applies to both the notice and the motion for extension; both must be filed within the 15-day time period.").

Here, because appellant's sentence was imposed on December 19, 2023 and a timely motion for new trial was not filed, his notice of appeal was due by January

18, 2024. *See* TEX. R. APP. P 26.2(a)(1). Appellant filed his notice of appeal on January 19, 2024—one day after the deadline. No motions to extend the time for filing the notice of appeal were filed with fifteen days of the deadline. *See* TEX. R. APP. P. 26.3.[1] Accordingly, appellant's notice of appeal was untimely.

This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's January 19, 2024 notice of appeal was untimely, we lack jurisdiction over this appeal.

### Appellant Waived His Right to Appeal

We also lack jurisdiction over this appeal because the record supports the trial court's certification that appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made

---

[1]     Although in civil cases a notice of appeal filed within the fifteen-day period after the deadline implies a motion for extension of time, the Court of Criminal Appeals has not held that an extension is implied in criminal cases if the notice of appeal is filed within fifteen days after it is due. *See Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's permission. *See id.*; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Williams v. State*, No. 01-19-00293-CR, 2019 WL 4677361, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op., not designated for publication). When a defendant waives his right to appeal in exchange for consideration from the State, a defendant's waiver is made knowingly, intelligently, and voluntarily, and he is prevented from appealing any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d at 697–99; *Bruner v. State*, No. 01-18-00635-CR, 2018 WL 4131088, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication). An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613.

Here, the record demonstrates that appellant voluntarily agreed to waive his right to appeal in exchange for a thirty-year sentence recommendation from the State. The clerk's record thus supports the trial court's certification that appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . .

is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motion and dismiss this appeal for lack of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).