**Opinion issued August 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00545-CR**

————————————

**DREYVON A. ANDERSON-SANDERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1856052**

---

## MEMORANDUM OPINION

Appellant, Dreyvon A. Anderson-Sanders, was indicted for the felony offense of aggravated assault[1] and released on a $50,000 bond. On March 14, 2024, the State filed a "Motion to Revoke Bond and Deny Bail," alleging that appellant failed

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

to comply with certain conditions of bond set by the trial court. Following a hearing, on April 3, 2024, the trial court granted the State's motion, revoking appellant's bond and denying bail pursuant to Article I, Section 11b of the Texas Constitution.[2]

On June 28, 2024, appellant filed a notice of appeal from the trial court's April 3, 2024 order granting the State's motion to revoke bond and deny bail. We dismiss the appeal for lack of jurisdiction.

The right to appeal in criminal cases is conferred by statute, and a party may only appeal from a judgment of conviction or an interlocutory order as authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). A court of appeals does not have jurisdiction to review an interlocutory order in a criminal case when jurisdiction has not been expressly granted by statute. *See Ragston*, 424 S.W.3d at 52; *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (explaining appeals "in a criminal case are permitted only when they are specifically authorized by statute"); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (noting "an interlocutory appeal is an extraordinary remedy").

---

[2] *See* TEX. CONST. art. I, § 11b ("Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.").

An order revoking a defendant's bond is not an order from which the Texas Legislature has authorized an appeal. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *see also Grant v. State*, No. 01-21-00340-CR, 2021 WL 4780066, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2021, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal from order revoking bond for lack of jurisdiction). Because the order appellant seeks to appeal is not an appealable interlocutory order, we lack jurisdiction over the appeal.

Additionally, while the trial court's April 3, 2024 order is not an appealable order, even assuming an appeal could be taken, this Court would lack jurisdiction over the appeal because we cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). A defendant's notice of appeal is timely if it is filed within thirty days after the date the trial court enters an appealable order. TEX. R. APP. P. 26.2(a); *see also Bayless v. State*, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002). The time for filing a notice of appeal can also be extended if, within fifteen days of the deadline for filing the notice of appeal, a defendant files his notice of appeal in the trial court and a motion for extension of time that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3;

*Lair*, 321 S.W.3d at 159; *see also Olivo*, 918 S.W.2d at 522 (requiring both notice of appeal and motion for extension to be filed within fifteen days of original due date for notice of appeal).

The order appellant seeks to appeal was entered on April 3, 2024. Accordingly, any notice of appeal was due to be filed with the trial court on or before May 3, 2024. Appellant's June 28, 2024 notice of appeal was therefore not timely. This Court therefore lacks jurisdiction to address the merits of appellant's appeal and can take no other action than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because the order granting the State's motion to revoke bond and deny bail is not an appealable order, and because appellant failed to timely file his notice of appeal, we hold that we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

4