**Opinion issued April 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00099-CR

————————————

**ANDREW CROSS A/K/A ANDREW JOSEPH CROSS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 461st District Court**
**Brazoria County, Texas**
**Trial Court Case No. 100160-CR**

---

## MEMORANDUM OPINION

Appellant, Andrew Cross, also known as Andrew Joseph Cross, was indicted

for the felony offense of possession of a controlled substance.[1] Pursuant to the Texas

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (establishing possession of a controlled substance as "an offense if the person knowingly or intentionally possesses a controlled substance" without a "valid prescription or order of a

Penal Code, "[a]n individual adjudged guilty of a felony offense of the second degree shall be punished by imprisonment . . . for any term of not more than 20 years or less than 2 years."[2]

In accordance with a plea agreement, the State agreed, in exchange for appellant's voluntary and intentional guilty plea to the second-degree felony offense of possession of a controlled substance, to make a sentencing recommendation of six years' confinement, with a credit of 264 days for time served, and a 180-day driver's license suspension. Also, as a part of the plea agreement, the State agreed to abandon two enhancement paragraphs alleged in the indictment.

In accordance with the plea agreement, the trial court found appellant guilty and accepted the punishment recommendation agreed to by appellant and the State as a part of the plea bargain. On August 15, 2024, the trial court imposed appellant's sentence in open court, accepting the State's sentencing recommendation, setting his punishment at six years' confinement, with a credit of 264 days for time served, and a 180-day driver's license suspension. On February 10, 2025, appellant, acting pro se, filed a notice of appeal from the trial court's judgment.

We dismiss the appeal for lack of jurisdiction.

---

practitioner acting in the course of professional practice"), (d) ("An offense under [s]ubsection (a) is a felony of the second degree if the amount of the controlled substance is, by aggregate weight . . . four grams or more but less than 200 grams.").

[2] *See* TEX. PENAL CODE ANN. § 12.33(a).

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, when a trial court enters a judgment of guilt, it must certify whether the defendant has a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a) states that:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

Accordingly, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02. An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

The clerk's record in this case included a certification of appellant's right of appeal stating that this was "a plea-bargain case, and the [appellant] has NO right of appeal," and further indicating that appellant "waived the right of appeal." The clerk's record in this case also included the plea waivers and plea terms, confirming that appellant agreed to plead guilty to the offense of possession of a controlled substance in exchange for the State's agreements: (1) to make a punishment recommendation of six years' confinement, with a credit of 264 days for time served, and a 180-day driver's license suspension and (2) to abandon two enhancement paragraphs alleged in the indictment. The appellate record also includes appellant's plea admonitions, notifying appellant that where his guilty plea is "voluntarily and understandingly entered with a plea bargain agreement and the punishment assessed does not exceed the agreement between [appellant] and [the State], the [trial court] must give permission before [appellant] can appeal on any matter in the case except for those matters raised by written motion filed and ruled on prior to trial." There is no indication in the appellate record of any pre-trial motions ruled on by the trial court, nor that the trial court granted appellant permission to appeal.

The appellate record supports the trial court's certification. Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas

Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Additionally, the appellate record indicates that appellant has failed to timely file his notice of appeal. The trial court's sentence was imposed in open court on August 15, 2024. Accordingly, any notice of appeal was due to be filed with the trial court within thirty days after the entry of the final judgment, on or before September 16, 2024. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal was untimely filed on February 10, 2025.

A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). If a notice of appeal is not timely filed, the appellate court lacks jurisdiction to address the merits of the case and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Notably however, the Texas Rules of Appellate Procedure allow for an extension of time to file a notice of appeal where the appellant, within fifteen days of the deadline to file the notice of appeal: (a) files the notice of appeal in the trial court *and* (b) files a motion for extension of time to file a notice of appeal, complying with Texas Rule of Appellate Procedure 10.5(b), with the appellate court. *See* TEX. R. APP. P. 26.3. Provided the extension of time prescribed by the rules, appellant

was required to file both his notice of appeal with the trial court and a motion for extension of time to file a notice of appeal with this Court on or before October 1, 2024.

Appellant's notice of appeal, filed on February 10, 2025, was not filed within the extended period provided by Texas Rule of Appellate Procedure 26.3, and the appellate record reflects that appellant did not file any motion to extend the deadline for filing a notice of appeal. Accordingly, appellant failed to timely file a notice of appeal to invoke the jurisdiction of this Court. *See* TEX. R. APP. P. 26.2, 26.3.

Absent a timely filed notice of appeal, we lack jurisdiction and cannot consider the merits of appellant's appeal. *See Olivo*, 918 S.W.2d at 522; *Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (concluding filing notice of appeal and motion for extension of time to file notice of appeal one day late was "enough to deprive the appellate court of jurisdiction").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).